**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **G.N.**

**No. 21-1034** (Marion County 21-JA-70)

**MEMORANDUM DECISION**

Petitioner Mother L.A., by counsel Marci R. Carroll, appeals the Circuit Court of Marion County's November 24, 2021, order terminating her parental rights to G.N.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Rachel L. Fetty, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights without granting her an improvement period or imposing a less restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2021, the DHHR filed an abuse and neglect petition alleging that petitioner and the father engaged in pervasive substance abuse. The DHHR alleged that petitioner was in the hospital as a result of her substance abuse and admitted to using controlled substances—including methamphetamine, buprenorphine, and heroin—while exercising care, custody, and control of then-seven-month-old G.N., which impaired her ability to safely and effectively parent the child. The DHHR further alleged that petitioner had a previous abuse and neglect case involving G.N., which ended with the child returning to her custody. Later in July of 2021, the DHHR filed an amended petition alleging that aggravated circumstances existed due to petitioner's prior involuntary terminations of her parental rights to two older children.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). We further note that petitioner's counsel filed the instant appeal pursuant to Rule 10(c)(10)(b) of the West Virginia Rules of Appellate Procedure.

The circuit court held an adjudicatory hearing in August of 2021, and petitioner stipulated to the allegations contained in the petitions. The court accepted petitioner's stipulation and adjudicated her as an abusive and neglectful parent.

In October of 2021, the guardian filed a report prior to the dispositional hearing noting that G.N. had a series of illnesses stemming from respiratory issues and was developmentally delayed upon removal from petitioner's custody. The guardian noted in her report that she had a meeting with petitioner in July of 2021 while petitioner was still hospitalized. At that meeting, petitioner expressed a willingness to "look into programs and to consider seeking treatment immediately after discharge" to address her substance abuse issues. The guardian also noted that petitioner attempted to secure visitation with the child while she was still hospitalized. However, petitioner agreed to ultimately defer those visits until after her discharge on advice of the child's pediatrician. The guardian noted in her report that she was unaware of petitioner's whereabouts after their meeting in July of 2021. The guardian detailed that she did not have "a confirmed admission to a rehabilitation facility, any drug tests or any information that [petitioner] sought" medically assisted treatment subsequent to her discharge from the hospital. The guardian further noted that petitioner did not participate in an improvement period or "any activity proposed by the [DHHR]," including multidisciplinary team ("MDT") meetings. As such, the guardian recommended that petitioner's parental rights be terminated.

The court held a final dispositional hearing later that month wherein petitioner did not appear but counsel appeared on her behalf. On behalf of the DHHR, a Child Protective Services ("CPS") worker testified that petitioner was hospitalized for medical issues and complications stemming from substance abuse early in the proceedings. However, the worker noted that petitioner was released from the hospital in August of 2021 and since then had failed to participate in the proceedings. The worker noted that petitioner failed to participate in drug screens and failed to communicate with the DHHR, making it unable to provide parenting or adult life skills referrals to service providers. The worker further explained that petitioner's whereabouts were currently unknown to the DHHR. Finally, the worker noted that petitioner was the subject of a prior abuse and neglect proceeding involving G.N., which concluded just four months prior to the instant petition that also involved substance abuse.

After hearing the evidence, the court found that G.N. had significant medical needs that required consistent and ongoing medical attention and that the child suffered from developmental delays. The court further found that since petitioner's discharge from the hospital, she had failed to "participate[] in drug testing, MDTs, or any service related to the care of her son or visitation." The court found that petitioner had failed to contact the CPS worker, guardian, or the DHHR about the status of the child. As such, the court found that she had not corrected the conditions of abuse and neglect and would not be able to do so in the near future. The court terminated petitioner's parental rights, finding that termination was necessary for the child's welfare. It is from the November 24, 2021, dispositional order that petitioner appeals.[2]

---

[2]The father's parental rights were also terminated below. The permanency plan for the child is adoption by the paternal aunt.

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her parental rights without first granting her an improvement period. Despite acknowledging that West Virginia Code § 49-4-610(2)(A) requires a parent to file a written motion for a post-adjudicatory improvement period, petitioner fails to cite to any portion of the record where she filed such a motion. As this Court recently held, "[a] circuit court may not grant a[n] . . . improvement period under W. Va. Code § 49-4-610 . . . unless the respondent to the abuse and neglect petition files a written motion requesting the improvement period." Syl. Pt. 4, *State ex rel. P.G.-1 v. Wilson*, -- W. Va. --, -- S.E.2d --, 2021 WL 5355634 (2021). As petitioner has failed to cite to the record to show that she moved, in writing, for a post-adjudicatory improvement period, in violation of Rule 10(c)(7) of the Rules of Appellate Procedure, she cannot be entitled to relief in this regard.

Further, we find no error in the circuit court's termination of petitioner's parental rights. West Virginia Code § 49-4-604(c)(6) provides that circuit courts are to terminate parental rights upon finding that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code § 49-4-604(d) provides that a situation in which there is "[n]o reasonable likelihood that [the] conditions of neglect or abuse can be substantially corrected" includes when the abusing parent has "demonstrated an inadequate capacity to solve the problems of abuse or neglect on [his or her] own or with help." Moreover, "the [L]egislature has reduced the minimum threshold of evidence necessary for termination where" the parent's parental rights to another child have been terminated involuntarily. *In re Kyiah P.*, 213 W. Va. 424, 427, 582 S.E.2d 871, 874 (2003) (citation omitted); *see also* W. Va. Code § 49-4-605(a) (outlining factors under which the DHHR must seek termination of a parent's parental rights).

The record supports a finding that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future. Petitioner did not successfully remedy the conditions of abuse and neglect during a prior proceeding, resulting in the termination of her parental rights to two older children. Following the prior proceeding, petitioner abused several controlled substances, resulting in her extended hospitalization in July and August of 2021.

3

While petitioner claims she could have succeeded in these proceedings and remedied her substance abuse, she failed to participate in drug screens, parenting and adult life skills classes, MDT meetings, or stay in communication with the DHHR. Accordingly, petitioner demonstrated an inadequate capacity to solve the problems of abuse and neglect on her own or with help and, given the reduced threshold of evidence necessary for termination in this case, we find no error in the circuit court terminating petitioner's parental rights to the child.

Finally, according to petitioner, the court should have imposed a less restrictive alternative to termination, but she ignores the following direction:

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Here, the court found, upon ample evidence, that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. Accordingly, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 24, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: May 12, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn